

# Service of Process Transmittal
05/21/2019
CT Log Number 535523995

**TO:** Carol Herceg
The Prudential Insurance Company of America
2101 Welsh Road, Law Dept.
Dresher, PA 19025

**RE:** **Process Served in Kentucky**

**FOR:** The Prudential Insurance Company of America  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EARLENE NEAL-HICKMAN, PLTF. vs. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jefferson County Circuit Court, KY<br>Case # 19CI003063 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/21/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | ELIZABETH A. THORNSBURY<br>Mehr, Fairbanks & Peterson Trial Lawyers, PLLC<br>201 West Short Street, Suite 800<br>Lexington, KY 40507<br>859-225-3731 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/21/2019, Expected Purge Date: 05/26/2019<br><br>Image SOP<br><br>Email Notification,  Legal Process Unit  legal.process.unit@prudential.com<br><br>Email Notification,  Carol Herceg  carol.herceg@prudential.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601 |
| **TELEPHONE:** | 609-538-1818 |

Page 1 of  1 / ZB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**



7019 0160 0000 6767 3429

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

CT CORPORATION SYSTEM
306 WEST MAIN STREET, SUITE 512
FRANKFORT, KY 40601



EXHIBIT A

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **19-CI-003063**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **NEAL-HICKMAN, EARLENE VS. THE PRUDENTIAL INSURANCE CO. OF AM**, *Defendant*

TO:  **CT CORPORATION SYSTEM**
     **306 WEST MAIN STREET, SUITE 512**
     **FRANKFORT, KY 40601**

Memo: Related party is THE PRUDENTIAL INSURANCE CO. OF AMERICA

The Commonwealth of Kentucky to Defendant:
**THE PRUDENTIAL INSURANCE CO. OF AMERICA**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*
Jefferson Circuit Clerk
Date: **5/17/2019**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 ____       Served By _____

                                  Title _____

Summons ID: 165017211954696@00000910133
CIRCUIT: 19-CI-003063 Certified Mail
NEAL-HICKMAN, EARLENE VS. THE PRUDENTIAL INSURANCE CO. OF AM



Page 1 of 1



**eFiled**

**EXHIBIT A**

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

EARLENE NEAL-HICKMAN                                PLAINTIFF

vs.                 **COMPLAINT AND JURY DEMAND**

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA      DEFENDANT

      **To be served through process agent:**
      CT Corporation System
      306 West Main Street
      Suite 512
      Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Earlene Neal-Hickman and for her Complaint against Defendant, The Prudential Insurance Company of America, states as follows:

1. The Plaintiff, Earlene Neal-Hickman, is a citizen and resident of Jefferson County, Kentucky.

2. Defendant, The Prudential Insurance Company of America ("Prudential") is an insurance company believed to be domiciled in the state of New Jersey, authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

3. Prudential may be served with process through its agent registered with the Kentucky Department of Insurance: CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

4. Jurisdiction is proper in this Court because Prudential transacts business, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Jefferson County, Kentucky.

5. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Dawn Foods, Inc. ("Dawn Foods").

6. The Defendant supplied and issued a policy of insurance to Dawn Foods, where the Plaintiff obtained coverage for life insurance. The applicable insurance policy number is believed to be G-51332.

7. The insurance policy contains a waiver of premium provision, whereby premiums are to be waived when the claimant is disabled.

8. Plaintiff is entitled to have premiums waived under the life insurance policy because she is disabled, as defined in the insurance policy, from performing her past occupation at Dawn Foods and any other job.

9. The policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following terms:

    Total Disability: You are "Totally Disabled" when:

    1. You are not working at any job for wage or profit; and
    2. Due to Sickness, Injury or both, you are not able to perform for wage or profit, the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience.

10. The Plaintiff, while working at Dawn Foods became disabled as defined in her insurance policy on or about April 4, 2016 and remains disabled.

11. The Plaintiff was and has been unable to perform the material and substantial duties of any job, since on or about April 4, 2016, as a result of injury or sickness.

12. A waiver of premium ("WOP") claim was opened with respect to Plaintiff's life insurance coverage. The claim number for Plaintiff's WOP claim is believed to be 11659011.

13. Defendant denied Plaintiff's WOP claim on or about May 18, 2018.

14. Plaintiff timely, and in the manner set forth in the applicable insurance policy, appealed the denial of her claim by letter dated November 13, 2018.

15. In her appeal, Plaintiff submitted additional medical documentation supporting her ongoing disability.

16. By letter dated January 31, 2019, Defendant upheld the denial of Plaintiff's WOP claim.

17. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract, applicable policies, and/or by law.

18. The life insurance policy and coverage does not meet the qualifications of a plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq.

19. In the alternative to allegation number 18 above, if the policy at issue does meet the qualifications for ERISA, then the decision made by the Defendant was arbitrary and capricious, against the overwhelming evidence provided to the Defendant, and a breach of fiduciary duty, which entitles the Plaintiff to contractual benefits, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B), (a)(2), (a)(3), and (g).

20. The Defendant should be enjoined from stopping benefits under the contract.

21. The Plaintiff is entitled to past and future waivers of life insurance premiums under the contract of life insurance.

3

Package:000005 of 000006
Presiding Judge: HON. ANN BAILEY SMITH (630350)
Package : 000005 of 000006

EXHIBIT A

22.  The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

1.  Judgment against Defendants for full contractual benefits, attorney's fees, prejudgment and post-judgment interest; and

2.  Waiver of premiums under the life insurance policy; and

3.  Trial by jury; and

4.  Any and all other relief to which Plaintiff appears to be entitled.

Respectfully submitted,

/s/ Elizabeth A. Thornsbury
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
ERIK D. PETERSON
Email: edp@austinmehr.com
**Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

4

EXHIBIT A